UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE WATKINS | CIVIL ACTION   18-1874 |
| VERSUS | SEC          MAG |
| MICHAEL TREGRE,<br>SHERIFF AND CHIEF LAW ENFORCEMENT OFFICER | JURY TRIAL REQUESTED |
| DATE:_____ | CLERK:_____ |

## COMPLAINT (FLSA; FMLA; NOTICE TITLE VII)

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Denise Watkins who, in accordance with 29 USC §201, *et. seq*; 29 USC §2601 *et. seq*; and 42 USC §2000e, *et. seq*. institutes the instant cause.

### PARTIES

1. Plaintiff is of full age of majority, competent, and residing in LaPlace, Louisiana, St. John the Baptist Parish, Eastern District of Louisiana.

2. Made Defendant is Michael Tregre, Sheriff and Chief Law Enforcement Officer for St. John the Baptist Parish.

3. At all times relevant to the allegations set forth herein, Defendant had ultimate hiring and firing and disciplinary authority over Plaintiff; was responsible for setting Plaintiff's hourly rate of pay and directing overtime work by Plaintiff and other non-exempt employees of St. John the Baptist Parish Sheriff Office; and had ultimate authority to approve or deny leave.

### VENUE & JURISDICTION

4. Venue & Jurisdiction are proper before this Honorable Court pursuant to 28 USC §1331; 28 USC §1332; 28 USC §1367; and 28 USC §1391.

### ADMINISTRATIVE EXHAUSTION

5. Plaintiff has not exhausted administrative requirements of 42 USC §2000e to bring claims for discrimination based on race (disparate treatment) and disability and claims parallel to those brought herein under FMLA for retaliatory discharge.

6. Plaintiff seeks to put the Court on notice that she has filed a charge of discrimination with the Equal Employment Opportunity Commission in which she alleges that Defendant discriminated

1

against her, when he discharged her, based on allegations that her work performance was unsuitable for employment with St. John the Baptist Parish Sheriff Office.

7. In addition to being false and pretextual, the allegation resulted in Plaintiff being subjected to disparate treatment in light of a white male employee, Joseph Oubre, being caught on camera sleeping on the job and Defendant not taking any adverse disciplinary action against him.

8. The false and pretextual allegation also caused Plaintiff to be denied a promotion, for which she was in line to receive, and for the promotion to go to a similarly situated white female employee.

9. Plaintiff engaged in protected activity by asking Defendant for a reasonable accommodation, upon being medically diagnosed with anxiety.

10. Within ten (10) days of requesting the accommodation, Plaintiff was discharged.

## COLLECTIVE ACTION

11. With respect to FLSA claims brought herein, Plaintiff institutes this action on her own behalf as well as all others situated similarly ("the Plaintiff Class") who, like Plaintiff, were not paid time-and-a-half for hours worked in access of forty hours in a work week.

12. Plaintiff specifically alleges that Defendant willfully stopped paying Plaintiff and the putative Plaintiff Class time-and-a-half for hours worked in access of forty hours in a work week, because, beginning in or about mid-2015, the person Defendant employed to calculate employees' overtime pay claimed not to know how to conduct the calculation.

13. When Plaintiff's employment with Defendant commenced in 2012, she received time-and-a-half for hours worked in access of forty in a work week.

14. For approximately three years, beginning in 2015 through per separation from Defendant's employment, Plaintiff did not receive time-and-a-half for hours worked in access of forty in a work week.

15. Defendant paid Plaintiff and the putative Plaintiff Class at an hourly rate for work performed.

16. Plaintiff and the putative Plaintiff class are not FLSA-exempt employees.

## STATEMENT OF FACTS

17. Plaintiff's employment with Defendant commenced July 1, 2012.

18. At the time her employment with Defendant commenced, Plaintiff earned $13.16 per hour.

19. Plaintiff's title at the time her employment with Defendant commenced was 9-1-1 Dispatcher.

20. Plaintiff was given several raises during the course of her employment.

21. Plaintiff also received several commendations during the course of her employment.

22. On or about January 30, 2018, for example, Plaintiff was among several officers commended for dispatches that led to the arrest of vehicle burglars.

23. Plaintiff's work was characterized as "superb".

24. On or about February 17, 2018, Plaintiff was, again, commended for having assisted in providing responding officers "excellent details" which resulted in the arrest of an armed robbery perpetrator "within 5 minutes of the armed robbery."

25. On or about February 20, 2018, Plaintiff submitted a note to Defendant, through her imeediate supervisor, Lt. Marshall Carmouche, requesting an accommodation and time off, due to a medical diagnosis.

26. The diagnosis was 'anxiety."

27. As a result of the diagnosis, Plaintiff was prescribed Alprazolam and Citalopram.

28. Among the side effects of these medications are fatigue and drowsiness.

29. Plaintiff's doctor stated that Plaintiff would need three (3) twenty-four (24) hour shifts/periods "off" and free of responsibility per week.

30. At the time the accommodation was requested, Plaintiff qualified for FMLA leave.

31. At the time the accommodation was requested, Plaintiff had accrued leave.

32. Approximately one week later, Plaintiff inquired into the status of her leave request with Lt. Conrad Baker.

33. Plaintiff received no response.

34. On or about March 2, 2018, Plaintiff received a letter of termination from Defendant, which stated that Plaintiff's employment with St. John the Baptist Parish Sheriff's Office was ending effective immediately.

35. The stated reason for Plaintiff's termination, on the pink slip she received from Defendant, was that Plaintiff's "conduct and work performance" were "unsuitable for an employee of St. John Parish Sheriff's Office."

36. Plaintiff had received a verbal consultation on February 9, 2018, about an incident involving an EMS call and an LPR camera.

37. However, at the end of the consultation there was no indication that any issues remained with Plaintiff's job performance or that Plaintiff would be subjected to any adverse action.

38. It was customary for Plaintiff's supervisor to verbally consult with Plaintiff and other similarly situated supervisors about issues that came up on the job.

39. Eight (8) days after the verbal consultation, Defendant, himself, sent an e-missive in which he praised Plaintiff and other members of dispatch for aiding in the timely arrest of an armed robbery suspect.

40. After her termination, Plaintiff learned that Defendant alleged that Plaintiff was also terminated for sleeping on the job.

41. Several employees of St. John the Baptist Parish Sheriff's Office have been caught sleeping on the job.

42. A picture of Joseph Oubre, a white male who supervises patrol, was taken while he was on duty and at a desk sleeping.

43. Officer Oubre was not subjected to any adverse disciplinary action.

44. At the time of her termination, Plaintiff was in line for promotion to an administrative supervisory position.

45. As a result of her termination, Plaintiff did not get the promotion.

46. Defendant gave the job that Plaintiff was in line for to a white female.

47. In addition to suffering from anxiety, Plaintiff is also medically diagnosed with suffering from vitamin D deficiency and anemia.

48. The reasons for Plaintiff's termination, which Defendant asserted verbally and in writing, directly and through his agents and assignees, are false.

49. Plaintiff requested a medical accommodation that would have required Defendant to permit Plaintiff to take time off needed to manage her anxiety.

50. Within days of Plaintiff submitting a request for reasonable accommodation and time off due to a medical condition, Defendant terminated Plaintiff.

51. At the time of her termination, Plaintiff earned $17.40/hour.

52. At the time of her termination, Plaintiff's title was Shift Sergeant, Dispatch.

## CAUSES OF ACTION
Count 1.  FLSA Failure to Pay overtime

53. Plaintiff sues Defendant on her own behalf as well as on behalf of a putative "FLSA Overtime Class," for Defendant's willful violations of the FLSA.

54. Defendant paid Plaintiff and the putative overtime class time-and-a-half until Defendant hired someone who claimed not to know how to calculate time-and-a-half pay.

55. Defendant's conduct, in ceasing to pay Plaintiff and the putative overtime class time-and-a-half for hours worked over forty in a work week, was unreasonable in light of clearly established laws governing overtime pay for non-exempt employees.

56. Because Defendant's conduct was willful and in gross violation of FLSA, Plaintiff submits that the putative FLSA Overtime Class should be defined as all employees of the Defendant who, at any time during the three years immediately preceding the filing of this suit, have been employed by the Defendant as hourly or non-exempt employees and who, during that three year period, worked in excess of forty hours in any work week and failed to receive compensation at a rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

Count 2.  Retaliatory Discharge in Violation of FMLA

57. Plaintiff sues Defendant for wrongful termination in violation of 29 USC §2601, Family Medical Leave Act.[1]

58. Plaintiff engaged in protected activity under FMLA, when she requested reasonable accommodation and time off due to being medically diagnosed with anxiety.

59. Within days of Plaintiff making this request, Defendant terminated Plaintiff.

60. The stated reason for Plaintiff's termination was pretextual.

61. Three days before Plaintiff requested time off in accordance with FMLA, Defendant praised Plaintiff and other members of Plaintiff's Division for their excellent work.

62. On other occasions close in time to her termination but before she requested leave, Plaintiff was praised for her work performance.

63. The stated reasons for Plaintiff's termination could not be true, because other employees situated similarly to Plaintiff engaged in far worse conduct, such as (1) sleeping on the job, (2) posting negative statements about the Sheriff Department on their personal social media account, (3) purposefully deleting training materials from department computers, (4) arriving to work in their

---

[1] Upon achieving administrative exhaustion with the EEOC and receiving a right to sue letter, Plaintiff will seek leave to amend her complaint to bring parallel claims for discrimination based on race (disparate treatment) and disability and retaliatory discharge in violation of Title VII.

5

department-issued units under the influence of alcohol, and (5) lying about the existence of 9-1-1 audio and video footage in sworn statements taken during litigation involving the Sheriff's Department.

64. None of these officers was terminated.

## DAMAGES

65. Plaintiff has lost wages and benefits.

66. Plaintiff has suffered severe emotional distress.

67. Plaintiff seeks lost wages and benefits in the form of back pay; Plaintiff also seeks future pay, because reinstatement with Defendant is not a feasible prospect.

68. Plaintiff seeks damages for mental anguish and loss of consortium; Plaintiff seeks attorney fees and costs associated with the instant litigation, with interest from the date of judicial demand, as well as all other equitable relief this Court deems appropriate.

69. As a result of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages.

70. As a result of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to attorney fees and costs.

## PRAYER FOR RELIEF

71. Wherefore, Plaintiff prays that, after due proceedings, judgment enter in her favor and against Defendant Michael Tregre, awarding Plaintiff:

- General and special damages for severe emotional distress;
- Back pay and benefits;
- Future pay and benefits;
- Legal interest retroactive to the date of judicial demand;
- Trial by Jury;
- Costs and reasonable attorney fees; and
- All other relief deemed just and equitable by this Honorable Court.

72. After due proceedings, Plaintiff further prays that, in furtherance of Plaintiff's FLSA claims brought personally and on behalf of the putative overtime class, an Order issue:

- Certifying this case as a collective action under 29 U.S.C. § 216(b); and

- Directing that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, in accordance with 29 U.S.C. § 216(b).

73. In due course, and in connection with her FLSA claims brought herein personally and on behalf of the putative overtime class, Plaintiff further seeks judgment in favor of the class:

- Awarding damages in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

- Declaring that Defendant's conduct violated the FLSA;

- Enjoining the Defendant from violating the FLSA's overtime provisions; and

- Awarding Plaintiff and the putative overtime class reasonable attorneys' fees and the costs of this action.

Respectfully Submitted By:
**/s/ Nghana Lewis Gauff**

_____

Nghana Lewis Gauff, 31407
1317 W Airline Ste E LaPlace, LA 70068
(504) 402-5911  (985) 359-4805
nlglawfirm@bellsouth.net

## Certification

I certify that commensurate with the filing of this cause, I have requested that summons issue to the following named Defendant(s):

Michael Tregre
Sheriff and Chief Law Enforcement Officer
St. John the Baptist Parish Sheriff Office
1801 W Airline Hwy
LaPlace, LA 70068

**/s/ Nghana Lewis Gauff, 31407**