# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| DENISE WATKINS | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 18-2874 |
| MICHAEL TREGRE | SECTION: T |

# ORDER

Before this Court is a Motion for Summary Judgment[1] filed by Sheriff Michael Tregre ("Defendant"). Denise Watkins ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment is **GRANTED**.

# FACTUAL AND PROCEDURAL BACKGROUND

This dispute involves Plaintiff's claims against her former employer for (1) retaliatory discharge in violation of the Family Medical Leave Act ("FMLA"); (2) discrimination (failure to accommodate) in violation of FMLA; and (3) discrimination (disparate treatment, race) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[3] Plaintiff's employment with Defendant as a 9-1-1 dispatcher commenced in the summer of 2012.[4] On February 9, 2018, Defendant's employee and Plaintiff's immediate supervisor, Lt. Marshall Carmouche, verbally counseled Plaintiff regarding her poor work performance, which included incidents of Plaintiff sleeping while working, missing license plate recognition ("LPR") hits, and delaying dispatching

---

[1] R. Doc. 51.
[2] R. Doc. 53
[3] R. Doc. 27.
[4] R. Doc. 27, p.2.

1

of EMS to a call.[5] Lt. Marshall Carmouche asked Plaintiff to address the concerns with her work performance in a written response.[6]

On February 20, 2018, Plaintiff was diagnosed with anxiety and submitted a note to Lt. Marshall Carmouche requesting time off due to her medical diagnosis.[7] On February 22, 2018, Lt. Carmouche requested a disciplinary board review of Plaintiff's poor work performance.[8] Also, on February 22, Plaintiff emailed Lt. Carmouche and Defendant's other employees, Lt. Conrad Baker and Chief Guidry, regarding the verbal counseling and explaining the reasons for her poor work performance.[9] On March 1, 2018, the disciplinary board convened regarding Plaintiff's poor work performance.[10] The disciplinary board ultimately decided to terminate Plaintiff,[11] and Defendant terminated Plaintiff on March 2, 2018.[12]

In response, Plaintiff filed this suit. In her Second Amended Complaint, Plaintiff alleges Defendant's actions violated the FMLA and Title VII. Defendant filed a motion for summary judgment. Defendant contends Plaintiff cannot establish a *prima facie* case of racial discrimination under the *McDonnell Douglas* framework. Alternatively, Defendant contends there was a legitimate, non-discriminatory reason for terminating Plaintiff. Defendant further asserts Plaintiff cannot establish a claim for retaliation because Defendant had an obvious and legitimate reason for terminating Plaintiff. Finally, Defendant claims Plaintiff cannot prove her failure to accommodate claim because this claim cannot be brought under the FMLA and, to the extent

---

[5] R. Doc. 51-9; R. Doc. 51-10, p.1; R. Doc. 53-13, p.48.
[6] R. Doc. 51-8.
[7] R. Doc. 51-13; R. Doc. 53-13, p.49; R. Doc. 27, p.3.
[8] R. Doc. 51-6.
[9] R. Doc. 51-9; R. Doc. 51-10, p.1.
[10] R. Doc. 51-6.
[11] R. Doc. 51-6; R. Doc. 51-7.
[12] R. Doc. 27, p.3; R. Doc. 51-3, p.1; R. Doc. 53-1, p.1.

Plaintiff intended to assert a claim for failing to provide Plaintiff leave, Plaintiff did not request leave.[13]

## **LAW AND ARGUMENT**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[15] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[16] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[17] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[18]

### A. Retaliatory Discharge Claim and Racial Discrimination Claim

To make a *prima facie* case of retaliatory discharge, the employee must show that (1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge.[19] To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4)

---

[13] R. Doc. 51-1.
[14] Fed. R. Civ. P. 56(a).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[16] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[17] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[18] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[19] *Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019) (citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005)).

3

others similarly situated were more favorably treated."[20] Discrimination claims and retaliatory discharge claims are evaluated under the *McDonnell Douglas* burden-shifting framework.[21]

Under the modified *McDonnell Douglas* framework, a plaintiff must establish each element of the *prima facie* case.[22] If a plaintiff establishes this *prima facie* case, the employer "must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff."[23] Subsequently, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic."[24]

The Court finds that Defendant has established legitimate, non-discriminatory reasons for terminating Plaintiff and that Plaintiff has failed to show the Defendant's reasons were a pretext or that Plaintiff's protected characteristic was another motivating factor. Assuming Plaintiff can establish a *prima facie* case for retaliatory discharge and racial discrimination, Defendant must articulate legitimate, non-discriminatory reasons for its decision to terminate Plaintiff. Defendant asserts Plaintiff incorrectly instructed dispatchers under her supervision that a vehicle was not registered as being reported stolen, failed to timely dispatch an ambulance to an accident with injury, improperly failed to remove a recovered firearm from the national database, excessively making personal phone calls while on duty, and repeatedly sleeping on duty while at her console, even after having been warned.[25] Additionally, Defendant cites testimony from Lt. Baker and Plaintiff's follow-up email explaining her work performance where Plaintiff does not dispute her

---

[20] *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (citing *Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999)).
[21] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
[22] *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).
[23] *Id*.
[24] *Id.*
[25] R. Doc. 51-1, p.3.

poor work performance.[26] The Court finds that Defendant has established that Defendant had legitimate, non-discriminatory reasons for terminating Plaintiff.

Because Defendant has shown legitimate, non-discriminatory reasons for terminating Plaintiff, the burden shifts to the Plaintiff to raise a genuine issue of material fact that these reasons are merely pretextual.[27] Plaintiff can establish pretext by "(1) showing disparate treatment or by (2) showing that Defendant's proffered explanation is false or unworthy of credence."[28] The Court finds that Plaintiff has failed to produce competent summary judgment evidence to show disparate treatment or that Defendant's proffered explanation is false or unworthy of credence. Therefore, the Defendant is entitled to judgment as a matter of law regarding Plaintiff's retaliatory discharge claim and racial discrimination claim.

### B. Failure to Accommodate Claim

Plaintiff alleges Defendant failed to accommodate Plaintiff after she was medically diagnosed with anxiety.[29] Defendant contends Plaintiff improperly pled this claim under the FMLA, but that the Americans with Disability Act of 1990 governs Plaintiff's claim. Under the ADA, an employer is only required to "accommodate the known limitations of an employee's disability."[30] A *prima facie* case of failure-to-accommodate requires that: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations."[31] The Court finds Plaintiff has failed to produce competent summary judgment evidence to make out a *prima facie* failure-to-accommodate claim.

---

[26] R. Doc. 51-10.
[27] *Willis,* 445 F.3d at 420.
[28] *Wallace v. Seton Family of Hosps.,* 777 Fed.Appx. 83, 89 (5th Cir. 2019) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).
[29] R. Doc. 27, p.6.
[30] *Griffin v. United Parcel Serv., Inc.,* 661 F.3d 216, 224 (5th Cir. 2011).
[31] *Neely v. PSEG Texas, Ltd. P'ship,* 735 F.3d 242, 247 (5th Cir. 2013).

Plaintiff has not produced evidence to show that the consequential limitations of Plaintiff's alleged disability were known to Defendant or that Defendant failed to make reasonable accommodations for such limitations. Therefore, Defendant is entitled to judgment as a matter of law dismissing Plaintiff's failure-to-accommodate claim.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED.**

**New Orleans, Louisiana,** on this 26th day of February, 2020.

                                            **GREG GERARD GUIDRY**
                                        **UNITED STATES DISTRICT JUDGE**